UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABBRELLA FAITH CAPPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00519-TWP-MJD ) |
| HOLLY CALHOUN, PEARSON Doctor, CRH, | ) ) ) ) ) |
| Defendants. | ) |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*,
Screening Complaint, and Directing Service of Process**

## I. *In Forma Pauperis* Status

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

Although the plaintiff is excused from *pre*-paying the full filing fee, she still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

## II. Screening Complaint

### A. Screening Standard

Ms. Capps is a pretrial detainee currently incarcerated at Bartholomew County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen her complaint before service on the defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Complaint

Ms. Capps asserts that Nurse Holly Calhoun and Doctor Pearson (or Person) have violated her Eighth Amendment rights because she was denied medical treatment while incarcerated in Bartholomew County Jail in August 2017, May 7, 2018 to October 2018, and December 11, 2018 to the present. She also asserts that she was forced to take medication that she did not request. She further alleges the medication requires a level check, which the Jail did not do before giving the medication, and that she was not given a proper dose. She asserts that medical forced her to take the medication to be in compliance. She requests monetary and injunctive relief.

### C. Discussion of Claims

Ms. Capps is currently a pretrial detainee and not a convicted prisoner. This is relevant because Ms. Capps' constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, ––– U.S. –––, 135 S.Ct. 2466, 2475

(2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). The Seventh Circuit clarified that a pretrial detainee's medical care claim is subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Miranda v. County of Lake*, No. 17-1603, 2018 U.S. App. LEXIS 22229, at *30 (7th Cir. Aug. 10, 2018). Accordingly, Ms. Capps' Fourteenth Amendment medical care claims against Nurse Calhoun and Doctor Pearson **shall proceed**.

There are no allegations against "CRH." It appears in the caption and is identified as a defendant but is otherwise not mentioned in the complaint. Any claim against CRH is **dismissed** for failure to state a claim upon which relief can be granted. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.").

### III. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Nurse Holly Calhoun; and (2) Doctor Pearson in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate CRH on the docket.

**SO ORDERED.**

Date: 2/4/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ABBRELLA FAITH CAPPS
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

Nurse Holly Calhoun
Bartholomew County Jail
543 Second Street
Columbus, IN 47201

Doctor Pearson
Bartholomew County Jail
543 Second Street
Columbus, IN 47201